IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-00832-RPM

ADT HOLDINGS, INC., ADT SECURITY SERVICES, INC.,
and AUTOMATED SECURITY CORP.,

    Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA.,

    Defendant.

---

**AMENDED COMPLAINT AND JURY DEMAND**

---

Plaintiffs ADT Holdings, Inc., ADT Security Services, Inc., and Automated Security Corp. (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Amended Complaint for declaratory and monetary relief against Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union" or "Defendant"), allege as follows:

**PRELIMINARY STATEMENT**

1.    This is an insurance coverage action for declaratory and monetary relief in which Plaintiffs seek to enforce obligations that National Union has failed to honor under an umbrella insurance policy issued by National Union to Tyco International Ltd. ("Tyco"). The insurance policy covers damages awarded in several lawsuits against former Tyco subsidiaries Sonitrol Corporation and Sonitrol Management Corporation (collectively, "Sonitrol"). Plaintiffs have

indemnified and defended Sonitrol from and against the claims asserted in those lawsuits, have obtained an assignment of Sonitrol's right to coverage with respect to those suits, and are entitled to the insurance proceeds available in connection with those suits.  Tyco presented these suits to National Union for coverage, but National Union has wrongfully refused to fulfill its duty under the policy to pay the damages on behalf of Sonitrol.  Plaintiffs therefore seek a judgment declaring that National Union is obligated to pay on behalf of Sonitrol—and thus, Plaintiffs—the sums awarded in these lawsuits that are within the limits of the policy.  Plaintiffs also seek damages related to National Union's breach of contract.  National Union's breach of the insurance contract was in bad faith and brought about by National Union's willful and wanton conduct.

## THE PARTIES

2. ADT Holdings, Inc. is a Delaware corporation with its principal place of business in Florida.  It is, and at all relevant times has been, a subsidiary of Tyco.

3. ADT Security Services, Inc. is a Delaware corporation with its principal place of business in Florida.  It is, and at all relevant times has been, a subsidiary of Tyco.

4. Automated Security Corp. is a Delaware corporation with its principal place of business in Florida.  It is, and at all relevant times has been, a subsidiary of Tyco.

5. During the policy period, Sonitrol Corporation and Sonitrol Management Corporation were subsidiaries of Tyco.

6. Upon information and belief, National Union is, and at all relevant times has been, a Pennsylvania corporation with its principal place of business in New York.  Upon

information and belief, National Union conducts continuous and systematic business activities in this State.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).

8. This action involves a currently justiciable issue or an existing legal controversy.

9. This Court has personal jurisdiction over Defendant.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE INSURANCE POLICY

11. Tyco, in consideration of substantial premiums, purchased a commercial umbrella policy, no. BE 2195412, from National Union for the period October 1, 2002, to October 1, 2003 ("National Union Policy"). Sonitrol Corporation, Sonitrol Management Corporation, and Plaintiffs were subsidiaries of Tyco as of the effective date of the National Union Policy and were covered by its terms. A copy of the National Union Policy, together with endorsements and declarations thereto, is attached hereto as Exhibit A.

12. Pursuant to the terms of the National Union Policy, National Union has a duty to pay on behalf of Sonitrol and Plaintiffs sums that Sonitrol and Plaintiffs become legally obligated to pay because of bodily injury, property damage, personal injury, or advertising injury that takes place during the policy period and is caused by an occurrence happening anywhere in the world, as the relevant terms are defined in the National Union Policy, when the limits of underlying insurance coverage have been exhausted.

13. Sonitrol and Plaintiffs expected that the National Union Policy would cover payments for settlements or judgments arising out of lawsuits alleging liability for bodily injury, property damage, personal injury, and advertising injury, in excess of the underlying insurance up to the limits of the National Union Policy.

## THE UNDERLYING LAWSUITS

14. Sonitrol was named as a defendant in several lawsuits that were filed in the District Court of Adams County, Colorado, and later consolidated for trial. The suits are entitled <u>Core-Mark Midcontinent, Inc., et al. v. Sonitrol Corporation</u>, Civil Action No. 03-CV-3836, consolidated for trial with 04-CV-1978 and 04-CV-3625. These suits (collectively, the "Underlying Suits") form the basis of Plaintiffs' insurance coverage claims in the instant action.

15. Annexed hereto as Exhibits B through D, and incorporated by reference as if fully set forth herein, are copies of the complaints in each of the Underlying Suits.

16. The Underlying Suits alleged, inter alia, that Sonitrol breached an alarm-monitoring-services contract with Core-Mark Midcontinent, Inc./Core-Mark International, Inc. (collectively, "Core-Mark") on the basis that Sonitrol failed to adequately install and monitor a burglar alarm system it installed in a warehouse owned by Core-Mark. In December 2002, burglars broke into the warehouse and eventually set fire to it, destroying the building and everything inside. In the Underlying Suits, Core-Mark and its insurers sought various forms of relief, including compensatory and punitive damages, attorney fees, and prejudgment interest.

17. At trial, the jury found against Sonitrol and awarded plaintiffs over $18 million in damages.

- 5 -

18. On August 24, 2010, the trial court entered judgment against Sonitrol in the amount of $18,314,508 together with prejudgment interest thereon.

19. On September 21, 2010, the trial court entered a Final Entry of Judgment Including Prejudgment Interest and awarded prejudgment interest in the amount of $14,765,705, for a total judgment against Sonitrol in the amount of $33,080,213.

20. On January 3, 2011, the trial court entered judgment against Sonitrol based on an award of attorney fees and costs in the amount of $1,030,943.36.

21. Sonitrol has appealed the judgment in the Underlying Suits to the Colorado Court of Appeals. Those appeals are pending.

22. As a result of the judgment, liability has been imposed against Sonitrol because of property damage that took place during the policy period caused by an occurrence, as the relevant terms are defined in the National Union Policy.

23. The sums awarded in the Underlying Suits are covered by the terms and conditions of the National Union Policy. Pursuant to that policy, National Union is obligated to pay on behalf of Sonitrol those sums in excess of the underlying insurance limits.

### PLAINTIFFS' INDEMNIFICATION OF SONITROL AND SONITROL'S ASSIGNMENT OF RIGHTS

24. In connection with Tyco's sale of Sonitrol in 2004, Plaintiffs undertook to indemnify and defend Sonitrol from and against the claims asserted in the Underlying Suits.

25. Plaintiffs have indemnified and defended Sonitrol from and against the claims asserted in the Underlying Suits, and continue to do so.

26.     The successor in interest to Sonitrol Corporation has assigned to Plaintiffs all rights, claims, and choses in action that it has with respect to coverage under the National Union Policy in connection with the Underlying Suits.

27.     Plaintiffs are entitled to coverage and to enforce Sonitrol's right to coverage under the National Union Policy in connection with the Underlying Suits.

### TENDER OF THE UNDERLYING SUITS AND
### NATIONAL UNION'S WRONGFUL REFUSAL OF COVERAGE

28.     All conditions precedent to National Union's obligations under the National Union Policy have been fully and timely performed and the Underlying Suits have been tendered to National Union.

29.     Despite a demand that it do so, National Union has wrongfully and unreasonably refused to fulfill its obligations to Plaintiffs in connection with the Underlying Suits tendered to it, which refusal has and will cause Plaintiffs to incur substantial damages.

30.     In a letter dated February 17, 2011, a copy of which is annexed as Exhibit E hereto, National Union denied coverage for the Underlying Suits tendered to National Union under the National Union Policy.

31.     In a letter dated February 18, 2011, a copy of which is annexed as Exhibit F hereto, Plaintiffs explained that National Union's decision to deny coverage was clearly erroneous.  Plaintiffs requested that National Union reevaluate its decision to deny coverage and acknowledge that they were entitled to coverage for the Underlying Suits under the National Union Policy.

32. National Union continues to maintain its denial of coverage for the Underlying Suits.

33. The insurer providing coverage underlying the National Union Policy ("Primary Insurer") has acknowledged its obligation to pay for the judgment in the Underlying Suits up to its policy limits.

34. Upon information and belief, both National Union and the Primary Insurer are wholly-owned subsidiaries of the same parent company.

35. As a result of National Union's denial of coverage, Plaintiffs will incur damages in excess of the insurance underlying the National Union Policy.

## COUNT ONE
### (Declaratory Judgment)

36. Plaintiffs hereby incorporate by reference paragraphs 1 through 35 above as if fully set forth herein.

37. An actual and justiciable controversy presently exists between National Union and Plaintiffs concerning National Union's aforesaid refusal to fulfill its obligations under the National Union Policy. Plaintiffs are entitled to a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed. R. Civ. P. 57, adjudicating and decreeing Sonitrol and Plaintiffs' rights under the National Union Policy.

38. Plaintiffs are entitled to a declaration that National Union is obligated by, and in accordance with, the National Union Policy to pay on behalf of Plaintiffs sums awarded in the Underlying Suits.

## COUNT TWO
### (Breach of Contract)

39.     Plaintiffs hereby incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

40.     Despite notice and demand upon National Union to fulfill its obligations to Plaintiffs in connection with the Underlying Suits tendered to it, National Union has wrongfully denied coverage in material breach of its obligations to Plaintiffs under the National Union Policy.

41.     National Union's aforesaid denial of coverage constitutes a breach of contract for which Plaintiffs are entitled to recover all damages that they have suffered and will suffer as a result of such breach.

## COUNT THREE
### (Unreasonable Denial of Claim, §§ 10-3-1115, -1116, C.R.S.)

42.     Plaintiffs hereby incorporate by reference paragraphs 1 through 41 above as if fully set forth herein.

43.     With respect to Plaintiffs' claim for coverage for the Underlying Suits under the National Union Policy, Plaintiffs qualify as "first-party claimants" as that term is defined in section 10-3-1115, C.R.S.

44.     National Union's aforesaid denial of coverage was unreasonable.

45.     Pursuant to section 10-3-1116, C.R.S., Plaintiffs are entitled to recover from National Union two times the covered benefit under the National Union Policy as well as reasonable attorney fees and court costs.

## COUNT FOUR
### (Bad Faith Breach of Insurance Contract)

46. Plaintiffs hereby incorporate by reference paragraphs 1 through 45 above as if fully set forth herein.

47. National Union's aforesaid denial of coverage was unreasonable under the circumstances.

48. National Union knowingly or recklessly disregarded the validity of Plaintiffs' claim for coverage under the National Union Policy.

49. National Union's aforesaid denial of coverage constituted willful and wanton conduct purposefully committed by National Union. National Union must have realized that the aforesaid denial was done heedlessly and recklessly and without regard to consequences to, or the rights of, Plaintiffs.

50. National Union's aforesaid refusal to fulfill its obligations to Plaintiffs constitutes bad faith breach of insurance contract for which Plaintiffs are entitled to recover all damages they have suffered and will suffer as a result of such breach.

**WHEREFORE,** Plaintiffs ADT Holdings, Inc., ADT Security Services, Inc., and Automated Security Corp. respectfully request judgment against Defendant National Union:

A. For a declaration that National Union is obligated by and in accordance with the terms of the National Union Policy to pay on behalf of Sonitrol (and thus, Plaintiffs) sums awarded in the Underlying Suits tendered to National Union;

B. For all damages Plaintiffs have suffered and will suffer as a result of National Union's breach of contract;

    C.    For two times the covered benefit under the National Union Policy, pursuant to section 10-3-1116, C.R.S.;

    D.    For all damages Plaintiffs have suffered as a result of National Union's bad faith breach of insurance contract;

    E.    For Plaintiffs' reasonable attorney fees, interest, and taxable legal costs; and

    F.    For such other and further relief as may be deemed just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Dated: August 5, 2011

Respectfully submitted,

SANDER INGEBRETSEN & WAKE, P.C.


By: *s/ Richard G. (Chip) Sander*
    Richard G. (Chip) Sander, #12504

1660 17th Street, Suite 450
Denver, Colorado 80202
Tel.:  (303) 285-5300
Fax:  (303) 285-5301
rsander@siwlegal.com

- 11 -

Of Counsel:	BEVERIDGE & DIAMOND, P.C.
John H. Kazanjian
Edward M. Grauman

477 Madison Avenue, 15th Floor
New York, New York 10022
Tel.:  (212) 702-5400
Fax:  (212) 702-5450
jkazanjian@bdlaw.com
egrauman@bdlaw.com

*Attorneys for Plaintiffs ADT Holdings, Inc., ADT Security Services, Inc., and Automated Security Corp.*