IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-00832-RPM

ADT HOLDINGS, INC.,
ADT SECURITY SERVICES, INC., and
AUTOMATED SECURITY CORP.,

    Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

The defendant, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), moved for summary judgment of dismissal of this civil action, claiming that it can have no liability for payment under its commercial umbrella policy because its insured, Sonitrol, was found liable for willful and wanton breach of contract in the failure to perform its obligations for installation, repair maintenance and offsite monitoring of burglar alarm equipment installed in a warehouse damaged by a fire following a burglary.  National Union contends that the jury's finding that the breach was willful and wanton precludes enforcement of the policy under established Colorado common law that insuring agreements protecting an insured from intentional wrongdoing or reckless conduct with conscious disregard for the rights and safety of others are void as being contrary to public policy.

The defendant cites *Bohrer v. Church Mut. Ins. Co.*, 965 P.2d 1258, 1262 (Colo. 1998) and *Bohrer v. Church Mut. Ins. Co.*, 12 P.3d 854, 856 (Colo. App. 2000)  as

illustrating the principle that Colorado courts will not enforce an agreement to indemnify a party for damages resulting from intentional or willful wrongful acts. Those and the other Colorado cases cited by National Union are not applicable. They are based on tort law. The underlying judgment in this case results from a jury's findings that Sonitrol breached a contractual promise and the good faith and fair dealing obligation implicit in that contract in a manner that was characterized in the court's instructions as follows:

> Willful and wanton means an act or omission purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the plaintiffs.

Instruction No. 15, Exhibit F.

Colorado has conflated tort and contract law in a confusing and unclear manner. Whatever it means to breach a contractual promise in a willful and wanton manner, it is not equivalent to that type of conduct that Colorado courts finds so reprehensible that the actor's liability for compensatory damages cannot be indemnified. It is

ORDERED, that the defendant's motion for summary judgment (Doc. 28) is denied.

DATED:   January 20th, 2012

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge