IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-00832-RPM

ADT HOLDINGS, INC.,
ADT SECURITY SERVICES, INC., and
AUTOMATED SECURITY CORP.,

    Plaintiffs,
v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,

    Defendant.

_____

ORDER FOR SUMMARY JUDGMENT
_____

The only issue raised by the defendant's motion for summary judgment, filed on September 29, 2011 [28], is whether the plaintiff is barred from indemnification under commercial umbrella Policy No. BE 2195412, issued to Tyco International Ltd. For the period October 1, 2002 to October 1, 2003 because subsidiaries, Sonitrol Corporation and Sonitrol Management Corporation were found to have breached the contract to monitor its burglar alarm system installed in a warehouse owned by Core-Mark Midcontinent, Inc. ("Core-Mark") by willful and wanton conduct which makes the insurance policy unenforceable as contrary to the public policy of the State of Colorado[1].

The Sonitrol contract with Core-Mark contained a limitation of damages provision which the state district court applied in granting summary judgment for Sonitrol dismissing the claims of Core-Mark and its insurers for breach of contract. On appeal, the Colorado Court of Appeals reversed that ruling and remanded for trial to determine whether there was a willful and wanton breach of contract, holding such a finding would make the limitation of liability unenforceable under Colorado law that a party may not insulate itself from willful and wanton negligence. United States Fire Insurance Co. v.

---

[1] The present plaintiffs are assignees of Tyco's rights to coverage under the policy.

Sonitrol Management Corporation, 192 P.3d 543 (ColoApp. 2008).

At trial the jury was instructed to determine whether the breach of contract was by willful and wanton conduct under the following instruction:

> Willful and wanton means an act or omission purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the plaintiffs.

The jury made that finding and awarded damages for the loss of the warehouse by a fire set by burglars who were in the building for hours, setting off repeated alarms which the monitors failed to heed and report. That verdict was appealed.

While the appeal was pending, this court denied the defendant's motion for summary judgment, concluding that the conflation of tort and contract law in recognizing a claim that a contract could be breached in a willful and wanton manner was not so clearly expressed as to be the equivalent of the type of conduct found to be so reprehensible that the actor's liability cannot be indemnified because it would contravene public policy, [36].

This action was stayed on April 5, 2012 in the expectation that the appeal may clarify the law of willful and wanton breach of contract. On July 19, 2012, the Colorado Court of Appeals issued an opinion affirming that finding but reversing the damages award and ordering a retrial of damages.

Sonitrol sought certiorari on two issues, one of which was the following:

> Did the Court of Appeals err in applying its own notions of public policy to create a new cause of action for willful and wanton breach of commercial contract involving only economic damages, which voids a limitation of liability mutually-agreed to between business entities with equal bargaining power, contrary to Colorado's public policy of protecting freedom on contract and allocation of risk ?

The Colorado Supreme Court denied certiorari on April 20, 2013. After review of the Court of Appeals opinion in Core-Mark Midcontinent, Inc. v. Sonitrol Corporation, 2012 WL 2994959 (ColoApp.) and the extended discussion of Colorado public policy, a rehearing of the summary judgment motion was ordered and a hearing was held June 12, 2013.

None of the legal precedents cited and discussed in the Sonitrol II opinion is controlling in this case. The plaintiff argues that they are all cases involving an intention to injure and there is no finding of that intention by the jury. The narrow question presented is whether willful and wanton conduct as described in the jury instructions is qualitatively different from the conduct which Colorado courts have found so reprehensible that a party may not be shielded from its consequences by liability insurance. Stated differently, is there a difference between refusing to enforce a limitation of liability for damages provision in the contract because Sonitrol's monitors heedlessly and recklessly failed to react to repeated alarm signals that burglary may be in progress knowing of danger as compared with refusing to enforce an indemnity obligation in an insurance contract ?

A negative answer is required because the purpose of the public policy announced by the Colorado courts is the deterrence of conduct injurious to the public interest. To permit the plaintiff to obtain indemnification for whatever damages were caused by Sonitrol's employees' willful and wanton failure to respond to the repeated alarms of a possible burglary in progress by insuring against it would contradict that purpose.

The plaintiffs argue that New York law should be applied in this case and that it is different from Colorado's public policy. This is not a matter of interpreting the terms of the insurance policy. The issue is the consequences of the conduct of Sonitol's employees and that impacted Core-Mark in Colorado. Colorado law governs this case. It is

ORDERED that the defendant's motion for summary judgment is granted. The Clerk shall enter judgment dismissing this civil action with an award of costs to the defendant.

DATED: June 25th , 2013

BY THE COURT:

s/ Richard P. Matsch
_____
Richard. P. Matsch, Senior District Judge